UNITED STATES of America, Plaintiff,

v.

Tony Wilfred LaFLEUR, a/k/a Wilbur Lewis, a/k/a Larry McCoy, a/k/a Victor Rocheel Phillips, Sandra Mary Stokes, and Richard George Stokes, Defendants.

No. CR–N–87–28–ECR.

United States District Court,
D. Nevada.

Aug. 3, 1987.

Michael Barr, Asst. U.S. Atty., Reno, Nev., for plaintiff.

Fred D. Gibson, III, Reno, Nev., for defendant Tony Wilfred LaFleur.

### ORDER

EDWARD C. REED, Jr., Chief Judge.

Defendant Tony LaFleur has filed a battery of motions, all of which seek the dismissal of various counts of the indictment pending against him. Inasmuch as the motions tend to argue for the dismissal of various counts of the indictment on diverse grounds, the Court will treat those motions separately. Where the motions argue for dismissal of counts on the same basis, however, the Court will deal with those motions at the same time.

### VENUE

LaFleur first argues that Counts 1, 2, 5, and 6 of the indictment must be dismissed for lack of venue in this Court. Count 1, for example, deals with the alleged conspiracy to import illegal drugs into the District of Nevada. The defendant argues that this Court has no venue to hear this count, inasmuch as non of the cocaine which was to be imported in this count actually reached Nevada. Because none of the drugs actually ever reached this state, the defendant claims that Nevada has no venue.

Venue is proper in a basic conspiracy case if any overt act upon which the conspiracy relies took place in this district. *United States v. Durades,* 607 F.2d 818, 820 (9th Cir.1979). Similarly, venue is proper for a conspiracy to import controlled substances in any district through which the conspirators have passed in order to obtain the contraband. *United States v. Williams,* 536 F.2d 810, 812 (9th Cir.), *cert. denied,* 429 U.S. 839, 97 S.Ct. 110, 50 L.Ed.2d 106 (1976). Based on this authority, it appears that venue is proper in this district.

Initially, the indictment alleges that at least four overt acts of this conspiracy count took place in Nevada. Overt act # 3 alleges that defendant Sandra Stokes rented a Ford Taurus from a rental agency in Carson City, Nevada. Overt act # 11 charges that defendant LaFleur traveled from Florida to Reno using a fictitious identity in order to further the goals on the conspiracy. In addition, Overt acts # 12 and 13 allege that LaFleur and Stokes then traveled to an address in Stateline, Nevada, and that they concealed 1.5496 kilograms of cocaine at that address. Thus, a variety of overt acts carried out in the furtherance of this conspiracy to import cocaine occurred in Nevada, and venue is proper in this district on that basis.

In addition, however, it also appears that the conspirators traveled through this district in the course of the operation to import cocaine. As alleged in overt acts # 11 and 13, defendant LaFleur traveled to Reno for the purpose of distributing cocaine, and did in fact deposit the cocaine in Nevada. Venue is proper on this basis as well.

Count 2 of the indictment also alleges that LaFleur conspired to import cocaine into Nevada. As noted above, there are at least four overt acts of this conspiracy which occurred in this state. In addition, cocaine appears actually to have been imported into Nevada. Moreover, it has been held that the final distribution point of illegally imported drugs, as well as any

district through which the drugs pass, is proper for venue purposes. *United States v. Netz,* 758 F.2d 1308, 1312 (8th Cir.1985). The indictment alleges that Nevada was the final point of distribution for these drugs, and they do appear to have actually entered this district. Venue is proper on this count.

In Count 5, the defendant is charged with a conspiracy to distribute cocaine. As stated above, once again, four overt acts of these conspiracies are alleged to have occurred in Nevada, thereby making this forum a proper venue.

■ Count 6 presents a different problem, however. In that count, the defendant is charged with distribution of cocaine to a person less than 21 years of age. The indictment itself charges that this distribution took place in the Southern District of Florida, and that Michelle Bowman, the minor to whom the drugs were distributed, was then to travel on to Nevada to further distribute the cocaine. It is not charged in this count that Bowman was given the cocaine in Florida in order to distribute it to minors in Nevada. Neither does this count allege a conspiracy to distribute cocaine to a minor. Because this is a rather straight-forward distribution count, the crime was complete at the time of the distribution. There is no doubt that the distribution was complete in the Southern District of Florida, as LaFleur gave the cocaine to Bowman in that state in order that she might further distribute it here. Because no acts constituting elements of the counts took place in Nevada, this district lacks venue to hear this count. It may only be heard in the Southern District of Florida.

## MULTIPLICITY

■ LaFleur next argues that the indictment contains various counts which are multiplicious. First, he argues that counts 1, 3, 5, and 7 are multiplicious, in that they allege the existence of four separate conspiracies. Because of the proximaty of time and the similarity of goals involved here, LaFleur contends that there was really only one conspiracy, and that the govern-ment should be forced to elect between the counts which it will rely upon at trial.

Whether there is a single conspiracy or multiple conspiracies depends upon whether there are multiple agreements made. In reaching this determination, courts have inquired into the nature of the scheme, the identity of the participants, the quality, frequence, and duration of each conspirator's transactions, and the commonality of time and goals. *United States v. Arbelaez,* 719 F.2d 1453, 1458 (9th Cir.1983), *cert. denied,* 467 U.S. 1255, 104 S.Ct. 3543, 82 L.Ed.2d 847 (1984); *United States v. Zemek,* 634 F.2d 1159, 1168 (9th Cir.1980), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1359, 67 L.Ed.2d 341 (1981); *United States v. Wasserteil,* 641 F.2d 704, 708 (9th Cir.1981).

### AGREEMENT

From the face of the indictment, it appears as though there were a series of agreements with respect to these counts. In Count 1, for example, the indictment charges that LaFleur and Bowman, together with other unknown conspirators, agreed to import 2 kilos of cocaine into the United States between January 17 and January 29. Count 3 then charges that LaFleur and the two Stokes defendants agreed to possess to distribute 1.5496 kilos of cocaine on January 30 to January 31. Count 5 further charges that LaFleur conspired with other unknown conspirators to distribute 2 kilos of cocaine to persons under the age of 21 between January 17 and January 29. Count 7 finally charges that LaFleur and the Stokes defendants conspired to distribute 1.5496 kilos of cocaine to persons under the age of 21 on or about January 30.

In terms of plain agreements, therefore, it is possible that there were four separate agreements, thus constituting four separate conspiracies. If the evidence at trial bears this out, then these four counts are not multiplicious, and all may remain.

### NATURE OF THE SCHEME

The natures of all these schemes is very similar, in that all of them deal with the importation, distribution, or sale of cocaine. It could be argued that the counts charging distribution to minors are different than

the remaining counts, but this difference is not striking. The root of all of the counts is the importation and distribution of cocaine. That the various statutes allegedly violated carry different penalties and enhancements does not alter the basic similarity of the schemes. This similarity draws all of the counts closer together, and militates in favor of a finding of a single conspiracy.

## IDENTITY OF PARTICIPANTS

At the outset, it should be noted that all of these counts allege the participation of other unknown conspirators. These individuals cannot be factored into this analysis in any way, as the Court simply has no way of judging their identity or the acts which they may have committed in furtherance of the conspiracy. With respect to the named coconspirators, it appears that none of them was deeply involved in all of the conspiracies.

Michelle Bowman, for example, is found only in Count 1, and Richard Stokes can be found only in Count 3. Neither coconspirator has any involvement in the remaining counts, which tends to indicate that Counts 1 and 3 are properly charged as independent conspiracies. Sandra Stokes, however, is named in both Counts 3 and 8. That she is involved in both those conspiracies tends to draw them closer together. Yet none of the coconspirators is heavily involved in all of the counts, which indicates the possible existence of separate conspiracies.

## UNITY OF TIME AND PLACE

All of these conspiracies were alleged to have been formed and carried out in the last two weeks of January, 1987. In addition, all of the acts taken in furtherance of the conspiracy occurred in either Haiti, the Southern District of Florida, or the Reno area. This tends to indicate that all of the various conspiracies were indeed linked to one another, and that there might actually only be one agreement.

The evidence available at present regarding counts 1, 3, 5, and 7 is too inconclusive to determine whether there were actually four separate agreements or just one. The Court will therefore reserve judgment on these counts until the close of evidence at trial. If the evidence presented by the Government fails to indicate the separate identity of these four conspiracies, the defendant may renew his motion to dismiss, and the Court will consider it accordingly.

The defendant further argues that Counts 6, 8, and 10 are multiplicious with each other. In Count 6, LaFleur is alleged to have distributed 1.5496 kilos of cocaine to Michelle Bowman, a person under the age of 21, in the Southern District of Florida between January 25 and January 30, 1987. Count 8 alleges that LaFleur and Sandra Stokes distributed 1.5496 kilos of cocaine to the same Michelle Bowman in the District of Nevada on January 30, 1987. In Count 10, LaFleur, Sandra and Richard Stokes are alleged to have possessed 1.5496 kilos of cocaine with the intent to distribute it.

■ Inasmuch as the Court has already dismissed Count 6, it need not be considered further. It does appear that Counts 8 and 10 may properly remain in the same indictment, in that they allege different crimes. In *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), the Court held that a defendant may be prosecuted and convicted for the same act under separate criminal statutes if each statute requires proof of a fact which the other does not. *Id.* With respect to possession with intent to distribute and distribution offenses, the circuit has specifically noted that *Blockburger* allows the defendant to be convicted of both crimes only where there is evidence of possession other than that provided by the evidence of the distribution. *United States v. Oropeza*, 564 F.2d 316, 323 (9th Cir.1977), *cert. denied*, 434 U.S. 1080, 98 S.Ct. 1276, 55 L.Ed.2d 788 (1978). Where the sole evidence of possession is found in the distribution transaction, distribution and possession of controlled substances merge into one offense for which consecutive punishments may not be imposed. *Id.; see also United States v. Sanford*, 673 F.2d 1070, 1073 (9th Cir.1982); *United States v. Hernandez*, 591 F.2d 1019, 1022 (5th Cir.1979); *United States v.*

*Stevens*, 521 F.2d 334, 337 n. 2 (6th Cir. 1975).

■ In this case, there does appear to be evidence of the possession count which is independent of the distribution. For example, overt act # 13 charges that LaFleur, together with Sandra Stokes, secreted the cocaine at the Stokes residence in Stateline. It appears that the actual distribution of the cocaine to Michelle Bowman did not come until some time after then. From the face of the indictment, LaFleur did have possession of the cocaine at the time it was hidden in Stateline, which would support his conviction for both the possession and distribution counts. If the evidence at trial does not show such independent possession, the defendant will then be able to move for dismissal of the possession count.

## VICTIM AS COCONSPIRATOR

■ The defendant further argues that Counts 5, 6, 7, and 8 must be dismissed, in that the victim of these crimes, Michelle Bowman, was actually involved in the completion of the criminal offense. All of these counts involve the distribution of cocaine to a person under 21 years of age. The defendant's point, therefore, is that where the underage recipient of the cocaine is willingly involved in the crime, there can be no distribution or conspiracy to distribute to a person under 21 years of age. *See United States v. Swiderski*, 548 F.2d 445 (2nd Cir.1977).

The defendant's argument lacks merit. The sole authority cited for this novel proposition, the *Swiderski* case, provides little or no support for this contention. In that case, two individuals had been charged with the severe penalties available under the Continuing Criminal Enterprise statute, 21 U.S.C. § 848. Application of this statute to them was improper, the defendants contended, in that they had merely distributed drugs to one another, and were not involved in the large scale criminal operation which the CCE statute was meant for. *Id.*, at 450.

The Second Circuit agreed. The reasoning behind the severe penalties available for CCE violations was that "such conduct tends to have the dangerous, unwanted effect of drawing additional participants into the web of drug abuse." *Id.* Where only individual drug use is concerned, the court noted that the statute provided for much lesser penalties. Similarly, the court noted, where two people acquire possession of drugs solely for their own use, intending only to share these drugs amongst each other, the CCE provisions simply do not logically apply. The only crime that has been committed is personal drug use. Because there was never any intent in this case that the drugs which the defendants acquired would be distributed any further, the court found the CCE penalties inapplicable. *Id.*

This case has no application to the present situation. The defendant is charged with distributing cocaine to a person less than 21 years of age, in violation of § 845 of Title 21. If he had been charged under the CCE statute, perhaps the case would carry some force of argument. Beyond mere legal distinction, however, it is alleged that the defendant in this case was intending to distribute these drugs to other individuals, and that he did not intend them for simple personal use. Congress has seen fit to outlaw distribution of drugs to persons under 21 years of age and to provide enhanced penalties to those who do so distribute. It does not appear to be any defense that the person to whom the drugs were distributed was a willing conspirator in the scheme. The defendant's motion to dismiss on this basis will therefore be denied.

## REMAINING COUNTS

### COUNT 3

■ The defendant further attacks Count 3 on the basis that overt acts 1–5 occurred before the beginning date of the conspiracy. Count 3, as noted above, is a simple conspiracy count. Whereas it is true that overt acts 1–5 did occur before the beginning date of the conspiracy, these particular overt acts do not appear to be the sort of acts which are targeted at Count 3. Instead, they appear to support Counts 1 and 2—the importation counts.

Overt acts 6–14 do support Count 3, and they did allegedly occur after the beginning date of this conspiracy. The defendant's arguments are thus baseless, as there are overt acts which do support this conspiracy count.

COUNT 4

■ The defendant also argues that the interstate travel allegation in Count 4 is defective, inasmuch as there are no factual allegations to support it. Defendant does not challenge the charges under 18 U.S.C. § 1952(a)(3). Instead, the defendant argues that the indictment as a whole is insufficient to support any allegation under § 1952(a)(1).

The Court agrees with the defendant. Section 1952(a)(1) proscribes travel in interstate commerce with the intent to distribute the proceeds of any unlawful activity. Count 4 contains evidence of the defendant's travel in interstate commerce to promote and establish unlawful activity, which supports the allegations under 18 U.S.C. § 1952(a)(3). Nowhere in the indictment does one find any allegation of fact which would support a § 1952(a)(1) violation, however. The defendant's motion to dismiss this portion of the indictment will thus be granted.

The defendant also argues that Count 4 is insufficient, in that the indictment charges the defendant with having engaged in a criminal enterprise. Because the interstate travel section speaks in terms of a business enterprise, the defendant fears confusion between this section and the Continuing Criminal Enterprise statutes, located at 21 U.S.C. § 848. Because of this possible confusion, the defendant fears that his ability to plead double jeopardy as a bar to later prosecution may itself be endangered.

■ This argument lacks merit. First, and foremost, this count unequivocally charges the defendant with having violated 18 U.S.C. § 1952(a)(3). Because of the specificity of this charge, the double jeopardy defense will remain intact. In addition, it is clear that the facts as alleged in the indictment support a charge under § 1952(a)(3). In order to find a violation of this section, the defendant must be involved in a "business enterprise" which has been defined as a continuing course of conduct, with evidence of past and/or future violations. *United States v. Krevsky*, 741 F.2d 1090, 1094 (8th Cir.1984). The allegations of the indictment are sufficient to support this allegation, in that there were a variety of cocaine transactions planned and carried out by the defendants. In addition, that a mistake in terms has occurred neither places the defendant in double jeopardy nor inhibits his ability to plead that defense as a bar to subsequent prosecutions.

■ The defendant further contends that the Government has improperly pled in disjunctive form the liability of the defendant for traveling interstate with the intent to further the unlawful activity and causing others to travel interstate with the same intent. The defendant argues that these two allegations must be pled *conjunctively* in order to establish possible disjunctive liability. *United States v. Michaels*, 796 F.2d 1112, 1118 (9th Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987); *United States v. McGinnis*, 783 F.2d 755, 757 (8th Cir.1986).

The cases cited by the defendant, however, do not establish this proposition. Rather, they indicate that two charges, when conjunctively pled, will allow conviction disjunctively. *Michaels, supra.* They do not stand for the proposition that the only manner in which to plead disjunctively is to plead conjunctively. The defendant's arguments on this point are thus meritless.

COUNT 5

■ The defendant further assaults Count 5 on the basis that the conspiracy alleged therein charges the defendant with having conspired with "other unknown conspirators." Inasmuch as the defendant does not know the identity of these other conspirators, he claims that this count is unconstitutionally vague as applied to him.

It does not appear that the Government is required to identify all coconspirators in order to allege the conspiracy count proper-

ly. As long as the indictment asserts that the unidentified coconspirators exist, and the evidence offered at trial supports that assertion, the conspiracy is properly pled. *United States v. Anderson,* 611 F.2d 504, 511 (4th Cir.1979); *see also United States v. Booty,* 621 F.2d 1291, 1300 n. 27 (5th Cir.), *modified,* 627 F.2d 762 (5th Cir.1980). The mere fact that unnamed coconspirators are included in the indictment does not render it unconstitutionally vague, therefore. Only if the evidence at trial fails to identify these individuals with sufficient particularity will the count be dismissed. The defendant's motion will therefore be denied without prejudice to renewal after the Government's case.

COUNT 7

 The defendant also argues that Count 7 must be dismissed, on the grounds that it contains no termination date for the conspiracy alleged therein. This argument is without merit for the simple reason that a termination date *is* alleged in that count. The defendant is charged in that count with a conspiracy that occurred "on or about January 30, 1987." A fair reading of this count indicates that the conspiracy began and concluded on the same date—January 30, 1987. Although it is more common to find allegations of conspiracies that last over a period of time, it seems entirely possible to the Court that a conspiracy could begin and conclude on the same date. This motion to dismiss will therefore be denied.

COUNT 9

 The defendant finally argues that this count must be dismissed, as there is no evidence that he shipped or transported a firearm in interstate commerce. § 922(g) of Title 18 prohibits anyone who has been convicted of a crime punishable by a term of imprisonment exceeding one year from shipping or transporting a firearm or ammunition in interstate commerce. The defendant contends that the indictment is devoid of any assertion that he shipped or transported any firearm or ammunition.

A fair reading of overt act # 7, however, does supply such an allegation. In that allegation, the Government contends that LaFleur packed a 9mm pistol in a suitcase containing cocaine, and then gave the suitcase to Michelle Bowman for transportation to Reno, Nevada. It seems that the jury could find from these allegations that the defendant had transported or shipped a firearm in interstate commerce. This motion will be denied as well.

IT IS, THEREFORE, HEREBY ORDERED that the defendant's motion to dismiss Count 1 of the indictment is denied, without prejudice, with respect to the arguments regarding multiplicity. With respect to the arguments regarding venue, the motion is denied.

IT IS FURTHER ORDERED that the defendant's motion to dismiss Count 2 of the indictment is denied.

IT IS FURTHER ORDERED that the defendant's motion to dismiss Count 3 of the indictment is denied, without prejudice, with respect to the arguments regarding multiplicity. With respect to the arguments regarding inapplicability of overt acts, the motion is denied.

IT IS FURTHER ORDERED that the defendant's motion to dismiss Count 4 of the indictment is granted with respect to the arguments regarding 18 U.S.C. § 1952(a)(1). The remainder of the motion is denied.

IT IS FURTHER ORDERED that the defendant's motion to dismiss Count 5 of the indictment is denied, without prejudice with respect to the arguments regarding multiplicity. With respect to the arguments regarding venue and coconspirators, the motion is denied.

IT IS FURTHER ORDERED that the defendant's motion to dismiss Count 6 of the indictment is granted. The District of Nevada does not have venue to prosecute this count.

IT IS FURTHER ORDERED that the defendant's motion to dismiss Count 7 of the indictment is denied.

IT IS FURTHER ORDERED that the defendant's motion to dismiss Count 8 of the indictment is denied.

IT IS FURTHER ORDERED that the defendant's motion to dismiss Count 9 of the indictment is denied.

IT IS FURTHER ORDERED that the defendant's motion to dismiss Count 10 of the indictment is denied.