**UNITED STATES of America, Plaintiff,**

**v.**

**Richard CARRILLO, Ernest Benavidez, Victor Corona, aka "Victor Castillo", Luis Lua, and Eugene Padron, aka "Geno Padron", Defendants.**

**No. CR–N–91–108–ECR.**

United States District Court,
D. Nevada.

Feb. 10, 1992.

William Welch, Asst. U.S. Atty., Reno, Nev., for plaintiff.

Federal Public Defender by Thomas C. Bradley, Asst. Federal Public Defender, Reno, Nev., for Richard Carrillo.

Laurence Digesti, Reno, Nev., for Ernest Benavidez.

C. Frederick Pinkerton, Reno, Nev., for Luis Lua.

Lawrence J. Semenza, Reno, Nev., for Eugene Padron.

EDWARD C. REED, Jr., Chief Judge.

MINUTE ORDER IN CHAMBERS

On January 27, 1992, defendant Padron filed a Motion to Change Venue of Count Two of the Indictment to the Central District of California (document # 62a). Defendants Benavidez (document # 54) and Carrillo (document # 61) joined in the motion. Plaintiff filed an opposition (document # 70) on February 7, 1992.

IT IS, THEREFORE, HEREBY ORDERED that the motion (document # s 62a, 54, 61) is DENIED as to all three

defendants participating in the motion. As to defendants Benavidez and Carrillo, this Court is a proper venue because those defendants, according to the Indictment, committed acts pursuant to Count Two in Nevada.

As to defendant Padron, the issue is somewhat more difficult because the Indictment does not charge him with committing acts pursuant to Count Two in Nevada. Nonetheless, the motion should be denied. Padron's reliance on *United States v. Medina–Ramos*, 834 F.2d 874 (10th Cir. 1987) is misplaced. In that case, no defendant had committed any acts in New Mexico, the state where the contraband was seized from a train. Thus, the court held that New Mexico was not a proper venue.

In our case, as stated, Benavidez and Carrillo committed numerous acts in Nevada. Not only did these acts relate to Count Two, Possession with the Intent to Distribute Cocaine, but they also related to Count One, Conspiracy to Possess with the Intent to Distribute and to Distribute Cocaine. Padron, Benavidez and Carrillo are charged in both Counts One and Two. Thus, under a Pinkerton theory, Padron may be liable for the acts of his co-conspirators Benavidez and Carrillo. On this basis, the acts committed by Benavidez and Carrillo in Nevada may, certainly for the purposes of this motion, be attributed to Padron because of Count One. Consequently, Nevada is a proper venue in which to try Padron on Count Two.