**UNITED STATES of America, Plaintiff,**

v.

**Kimberly JORDAN, and Steven Anderson, Defendants.**

**CR–N–93–95–ECR.**

United States District Court,
D. Nevada.

March 21, 1994.

---

L. Anthony White, Asst. U.S. Atty., Reno, NV, for plaintiff.

Thomas C. Bradley, Asst. Federal Public Defender, Reno, NV, for defendant Jordan.

Joseph R. Plater, Reno, NV, for defendant Anderson.

## ORDER

EDWARD C. REED, Jr., District Judge.

In this criminal case, defendant Steven Anderson brings a motion (Doc. # 55) to dismiss Counts two and three of the superseding indictment. The government's response and opposition are at document # 56.

## FACTS

The superseding indictment charges Defendant with several crimes, all involved with or related to a charged drug distribution ring. The crimes charged against Anderson are: (1) conspiracy to possess with intent to distribute and to distribute methamphetamine (count one); (2) unlawful use of a communication facility (counts two and four); (3) distribution of methamphetamine (count three); interstate travel in aid of racketeering (counts five and six); threatening a witness (count seven); and, obstruction of justice (count eight). Defendant is also charged with aiding and abetting in each of the above crimes.

The motion to dismiss Counts two and three is based on lack of venue. Defendant argues that although the Eastern District of California may have venue over these counts, venue does not reside in the District of Nevada.

Defendant contends that Counts two and three charge crimes which occurred entirely in the State of California and not within the District or State of Nevada. On this basis, Defendant claims venue over Counts two and three does not exist in Nevada.

## A. COUNT TWO: UNLAWFUL USE OF A COMMUNICATION FACILITY

■ Count two charges an unlawful use of a communication facility (a telephone) on or about November 5, 1993. Count two does not indicate where this particular unlawful use of a communication facility occurred other than an allegation that it occurred within the State and Eastern District of California and the State and District of Nevada on November 5, 1993. The indictment does not indicate where the call was received or from where the call was placed.[1] If the call was received in or placed from Nevada, venue would exist in Nevada. *United States v. Arias–Villanueva,* 998 F.2d 1491, 1509 (9th Cir.1993) *cert. denied, sub nom, Orantes–Arriaga v. United States,* —— U.S. ——, 114 S.Ct. 359, 126 L.Ed.2d 322.

The government aids us greatly by disclosing in its opposition (Doc. # 56 at p. 5, ln. 18–25) that the alleged unlawful use of a communication facility charged in Count two relates to a telephone call placed from the Nickelodeon Motel in South Lake Tahoe, California

---

1. Among the overt acts alleged to have been committed in furtherance of the conspiracy, is the claim that on November 5, 1993 at the Nickelodeon Motel, South Lake Tahoe, California, defendant Steven Anderson used a telephone to negotiate a ⅛ ounce methamphetamine deal. This overt act charged as evidence of the conspiracy (Count one) is the same act charged as a substantive offense in Count two. An overt act, committed entirely outside the jurisdiction where a conspiracy is prosecuted, may be presented as evidence of an element of a conspiracy (provided venue over the conspiracy charge is otherwise satisfied). The same overt act, when charged as a substantive crime will not have venue in the same district where the conspiracy is being prosecuted. *See, infra.* Thus, it is helpful to carefully maintain the distinction between overt acts, which are permissible evidence or elements of a conspiracy charge (even when committed outside the district), and substantive offenses which may not be prosecuted in the same district if committed outside that district.

on November 5, 1993. The government discloses the call was made to the informant's residence also located in South Lake Tahoe, California. Thus, the charged act occurred entirely within the state of California, and without the state and district of Nevada.

## B. COUNT THREE: DISTRIBUTION OF METHAMPHETAMINE

Count three charges Defendant distributed methamphetamine on November 5, 1993. Count three does not indicate where this particular unlawful act of distribution occurred other than an allegation that it occurred within the State and Eastern District of California and the State and District of Nevada on November 5, 1993.

The third overt act charged in the conspiracy (Count one) indicates that on or about November 5, 1993 Defendant sold and distributed 3.6 grams of methamphetamine for $220.00 while at the Adventures in Video Store, South Lake Tahoe, California. The government admits (Doc. # 56, at p. 5, ln. 22–25) that the act of distribution alleged in Count three is the same act of distribution charged as an overt act in aid of the conspiracy and did indeed take place at the Adventures in Video Store located in South Lake Tahoe, California. Thus, the charged act occurred entirely within the state of California and without the state and district of Nevada.

## DISCUSSION

### A. VENUE EXISTS IN THE DISTRICT IN WHICH THE CRIME WAS COMMITTED

■ The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. Federal Rule of Criminal Procedure 18 provides that venue for the place of prosecution and trial "[e]xcept as otherwise permitted by statute or by these rules ... shall be had in a district in which the offense was committed."

The command of the Sixth Amendment and of Fed.R.Crim.P. 18 is clear. Venue is proper only in the district where the crime shall have been committed.

■ 18 U.S.C. § 3237 provides that any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed. Venue exists over the crime of conspiracy in any district in which the conspiratorial agreement was formed and in any district where an overt act committed in the course of the conspiracy occurred. *United States v. Meyers*, 847 F.2d 1408, 1411 (9th Cir.1988).

Title 18 U.S.C. § 3237 and the rules of venue regarding conspiracy merely describe where a particular crime was committed. These rules define "commission" of certain crimes such that a single crime can be "committed" in multiple districts. These rules do not alter the fundamental rule of venue: venue is proper only in the district, or districts, where the crime charged was committed.

The government has admitted that the offenses charged in Counts two and three did occur entirely outside the state and district of Nevada. The government does not argue that these were continuing crimes, that an element of either crime took place in Nevada, or that either crime began, continued or was completed in Nevada. Under the plain meaning of the Sixth Amendment and Fed. R.Civ.P. 18, venue over Counts two and three does not exist in Nevada.

### B. THE GOVERNMENT'S LEGAL THEORY

The government claims venue exists within the State and District of Nevada on the basis of a legal theory which would allow venue in Nevada despite the fact that the crimes occurred entirely outside of Nevada.

It is well settled that venue over the crime of conspiracy lies in any state in which the conspiratorial agreement was formed and venue is also appropriate in any district where an overt act committed in the course of the conspiracy occurred. *United States v. Meyers*, 847 F.2d 1408, 1411 (9th Cir.1988). The case of *Pinkerton v. United States*, 328

U.S. 640, 647, 66 S.Ct. 1180, 1183, 90 L.Ed. 1489 (1945) did not purport to affect venue but merely established that a substantive crime in furtherance of the conspiracy is "attributable to the others [other conspirators] for the purpose of holding them responsible for the substantive offense." *Id.* at 647, 66 S.Ct. at 1183.

The government cites several cases which establish that venue over a particular defendant charged with conspiracy or a substantive crime in furtherance of the conspiracy does not depend on the physical presence of that defendant in the state where the substantive crime occurred. Thus, conspirator A who has never been to Nevada may be prosecuted in Nevada for a criminal conspiracy so long as an overt act was committed in Nevada by conspirator B. *United States v. Meyers*, 847 F.2d 1408, 1411 (9th Cir.1988). Under these circumstances, conspirator A may also be prosecuted in Nevada for any substantive crimes committed in Nevada by Conspirator B in furtherance of the conspiracy. *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1945) (conspirator A responsible for substantive crimes committed by B); *United States v. Stitzer*, 785 F.2d 1506 (11th Cir.1986) *cert. denied, sub nom, Perna v. United States*, 479 U.S. 823, 107 S.Ct. 93, 93 L.Ed.2d 44 and *United States v. Carrillo*, 785 F.Supp. 884, 885 (D.Nev.1992) (venue as to A proper where B committed crime although A had never been in state of commission).

The government argues for a rule of law allowing venue over a substantive crime committed in furtherance of a conspiracy to be had in any district where venue over the conspiracy may be had. The government claims that a contrary holding would undermine the holding of *Pinkerton*. The government claims that "[i]f a co-conspirator's participation in a conspiracy did not create venue for the substantive offenses attributable to the co-conspirator under *Pinkerton*, that co-conspirator could not be held responsible for those substantive offenses." (Doc. # 56, at p. 8, ln. 7–10). The government misstates the case. The question is not whether venue exists, but where venue exists. Venue over the offenses charged in Counts two and three

appears to exist in California. Defendant could be charged with these offenses in the Eastern District of California. There is no danger of the bogey-man the government claims to lurk around the corner. There is no danger that Defendant may escape any criminal liability for Counts two and three due to a complete lack of venue.

The government cites to no cases stating the rule they argue for. An independent review of the case law reveals no cases stating or denying such a rule.

*Pinkerton* allows co-conspirators to be held criminally responsible for substantive offenses committed in furtherance of a conspiracy by other conspirators. 328 U.S. at 647, 66 S.Ct. at 1183 *Pinkerton*, does not affect venue; it only determines the extent of criminal responsibility. Although A may be held responsible for a crime committed by B in Nevada under *Pinkerton*, the crime is still committed in Nevada and therefore venue exists in Nevada. If it is a continuing crime and was committed in other states, then venue will exist in those other states as well.

■ Nothing in *Pinkerton* or any other case we found indicates that once a defendant is charged with a conspiracy offense, venue over independent substantive crimes committed in furtherance of the conspiracy will automatically exist in any district having venue over the conspiracy offense. The substantive crimes and the conspiracy are separate and distinct.

■ Venue over the conspiracy offense will *ipso facto* exist in any district in which a substantive offense in furtherance of the conspiracy was committed because commission of such offenses creates venue. *U.S. v. Meyers*, 847 F.2d 1408. Venue over the substantive offense will exist only in those districts in which the substantive offense was "committed" and not in other districts in which venue over the conspiracy exists. *See, United States v. LaFleur*, 669 F.Supp. 1029 (D.Nev.1987) (separate venue analysis conducted for conspiracy and substantive offense committed in furtherance of the conspiracy).

We found but a single case which explicitly discussed whether venue needs to be independently established for a conspiracy

charge and for substantive offenses committed in furtherance thereof. In *United States v. Walden*, 464 F.2d 1015 (4th Cir.1972) *cert. denied sub nom, Ard v. United States*, 409 U.S. 867, 93 S.Ct. 165, 34 L.Ed.2d 116, the government charged several defendants with conspiracy to rob federally insured banks in violation of 18 U.S.C. § 371. The defendants were also charged with several violations of 18 U.S.C. § 2113 (bank robbery). The defendants were all prosecuted in the District of South Carolina. However, several of the alleged violations of § 2113 (bank robbery) occurred outside of that District. The defendants objected on the basis of improper venue. *Walden*, 464 F.2d 1015.

The government advanced a theory in support of venue similar to that advanced here.[2] In *Walden*, the government asserted that the defendants were all accessories to the charged crime and that their accessorial acts took place in South Carolina, establishing venue there. *Id.* at 1019. The accessorial acts alleged to have taken place in South Carolina were the formation of the conspiracy to rob banks and the planning of the robberies. *Id.* Thus, the government claimed it was charging the defendants as accessories to the substantive crimes and not as principals. *Id.* at 1019–20. However, all of the defendants were "physically present and actively engaged in [the] unlawful entry of [the] bank in another jurisdiction." *Id.* at 1020. None of the defendants remained behind in South Carolina.

The Court noted that although venue over an accessory may exist in both the district where the substantive offense was committed and the district where the accessorial acts were committed, the converse was not true. *Id.* at 1019. "There is no rule of law authorizing the principal to be tried with his accessory where the accessory's acts took place." *Id.*

The Court concluded that all the defendants were in fact principals and that venue over those substantive offenses committed outside of South Carolina did not exist in the District of South Carolina. The fact that the defendants themselves planned the commission of the substantive crimes while in South Carolina could not transform them into accessories to their own acts as principals.[3]

The Court commented on the government's theory that:

It makes sense to bring an accessory to the place of trial of his principal; it is nonsense to reverse the procedure and serves no purpose of which we are aware except to further facilitate the prosecution of conspiracy cases and to combine such a prosecution with the prosecution of substantive offenses ...

A decision by the United States to prosecute for conspiracy is not without some advantage to the government.... To add to the advantages already existing by engrafting a forum shopping option as to substantive offenses would, we think, go too far. To repeat, venue is not mere formalism. The right to a trial before a jury of the vicinage is fundamental and such a trial ought to be held at the place of commission of the substantive offense.

*Id.* at 1020.

## CONCLUSION

Venue exists only in the district(s) where the crime charged was committed. This rule is of Constitutional proportions. U.S. Const. amend. VI. There is no exception allowing substantive crimes committed in furtherance of a conspiracy to be prosecuted in any district where venue over the conspiracy itself may be had. The government has conceded that the factual occurrence or commission of the substantive offenses charged in Counts two and three did not occur in Nevada.

**2.** In *United States v. Walden*, 464 F.2d 1015 (4th Cir.1972) *cert. denied, sub nom, Ard v. United States*, 409 U.S. 867, 93 S.Ct. 165, 34 L.Ed.2d 116, the government claimed venue as to substantive offenses existed in the same district in which a related conspiracy crime was charged on the basis of accessorial liability. In this case, the government claims venue as to substantive

offenses exists in the same district in which the related conspiracy crime is charged on the basis of *Pinkerton*, co-conspirator liability.

**3.** Such planning in South Carolina did support venue over the conspiracy charge. *United States v. Walden*, 464 F.2d 1015, 1019 (1972).

**900**

IT IS, THEREFORE, HEREBY OR-
DERED that Counts two and three of the
superseding indictment against Defendant
are DISMISSED for lack of venue.