USCA1 Opinion

 

 July 11, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1685 UNITED STATES, Appellee, v. JUAN CONSORO FAMILIA, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ___________________ Before Torruella, Boudin and Stahl, Circuit Judges. ______________ ___________________ Juan Consoro Familia on brief pro se. ____________________ Edwin J. Gale, United States Attorney, Margaret E. Curran ______________ ___________________ and Kenneth P. Madden, Assistant United States Attorneys, on ____________________ brief for appellee. __________________ __________________ Per Curiam. After a jury trial, appellant Juan Consoro __________ Familia and his live-in girlfriend, Priscilla Jackson, were convicted of conspiring to possess and possession with intent to distribute cocaine in violation of 21 U.S.C. 846, 841(a)(1), and 841(b)(1)(C).1 Familia was sentenced to 85 months' imprisonment and 5 years of supervised release. He is subject to deportation upon his release from prison. We affirmed codefendant Jackson's sentence in United ______ States v. Jackson, 3 F.3d 506 (1st Cir. 1993). Familia, who ______ _______ is proceeding pro se, now appeals his conviction. He raises ___ __ one argument - i.e. - that his defense attorney rendered him constitutionally ineffective assistance due to a conflict of interest. Familia specifically charges that his defense attorney's fee was paid by the true owner of the cocaine: his brother, Bonifacio Consoro Familia (Bonifacio). Familia contends that his counsel failed to mount a proper defense because his loyalty to Familia was compromised by his desire to protect Bonifacio so that he could receive payments from him. Familia also charges that his defense attorney deliberately failed to introduce evidence that would have proven that he and Jackson were innocent and that Bonifacio and Bonifacio's girlfriend ("Kris") were the real drug dealers. Having thoroughly reviewed the record and the ____________________ 1. Familia was acquitted of using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. 924(c). -3- parties' briefs on appeal, we affirm Familia's conviction without prejudice to his raising his ineffective assistance of counsel claim in a 28 U.S.C. 2255 proceeding. I. Familia and Jackson were arrested after certain members of the Providence Police Department executed a search warrant at their apartment on November 11, 1991. The underlying facts are described in United States v. Jackson, 3 F.3d at ______________ _______ 508, which states as follows: On November 11, 1991, police officers from Providence, Rhode Island went to execute a search warrant at the second floor apartment of 142 Bowdoin Street, Providence. At approximately 7:00 p.m., Familia departed from the apartment and drove away in a Dodge minivan. The officers stopped the vehicle and returned with Familia to his apartment. They entered the kitchen through the rear door using Familia's keys. The kitchen leads directly to the master bedroom, which contained a bed, a crib, an upright dresser, a bureau and a television table. Jackson was on the bed with the couple's child. Upon entering the apartment, Familia declared: "All I have is a gun. It's under the mattress." The police proceeded to search the apartment. They found the pistol under the mattress. A bottle of inositol, a chemical used to cut or dilute cocaine, sat on top of the bureau. The bottom drawer of the dresser was nailed shut. The officers discovered that the drawer itself had been removed and only the facade remained. On the floor behind the false drawer front, they found a paper bag and a metal box. The paper bag held three plastic bags that contained 299.22 grams of cocaine. The metal box contained $3866 in United States currency and two Rhode Island state lottery receipts, which indicated that Familia had received a total of $2085 in winnings on August 28, 1991. The police also found a small plastic bag containing ten rounds of .38 caliber ammunition in plain view on the floor in front of the bedroom closet. -4- At trial, the foregoing facts were established through the testimony of the five Providence police officers who participated in the search of the apartment. There was also evidence that shortly after the arrest, Familia told the police, "She had nothing to do with it. I'm responsible for everything you found." The defendants were represented by separate counsel. They argued that the evidence did not prove that they knowingly possessed the cocaine with the intent to distribute it. Familia, who had no criminal record, testified in his defense. He maintained that his post-arrest statement referred only to the gun and that he did not own the cocaine. He testified that his brother Bonifacio also resided in the apartment.2 On cross-examination, Familia implied that the cocaine might have belonged to Bonifacio, although his testimony was not firm on this point.3 While he acknowledged that the strongbox and gun were his, he testified that most of the money in the strongbox had been ____________________ 2. His landlady also testified that Bonifacio frequently stayed at Familia's apartment. 3. The testimony went as follows: Assistant U.S. Attorney: Who do you claim is the owner of the cocaine? Familia: The only one related who had anything to do with drugs was my brother. I knew he was involved in that before. I didn't know that he was still involved in that. -5- given to him by his sister to purchase his van and ship it to Puerto Rico. The trial record suggests that Familia's trial counsel made a faint-hearted attempt to imply that Bonifacio was the drug dealer. On cross-examining one of the police officers (Drohan), counsel established that Bonifacio had been arrested on 9/4/90 for selling cocaine to an undercover police officer. He also established that the police had received many complaints that Bonifacio was selling drugs from a barricaded Providence address (65 Laura Street) around that time. But he did not elicit further evidence to that effect from Familia. The little evidence that Familia gave impugning his brother was brought out by the government on cross-examination. In any event, neither the jury nor the sentencing judge were persuaded by Familia's story. II. On appeal, Familia argues that his attorney deprived him of the effective assistance of counsel by failing to use evidence that would have shown that Bonifacio was the real owner of the cocaine. Familia claims that Bonifacio was in the United States illegally after previously being deported for a drug offense. He alleges that Bonifacio paid his attorney in cash and that his attorney had an interest in not turning Bonifacio in so that he could continue receiving payments and avoid implicating himself in the crime of -6- failing to report an illegal alien.4 Familia contends that his counsel's ineffectiveness is shown by the following acts and omissions: (1) failing to file a motion to suppress, a motion to quash the indictment, and a motion for an acquittal; (2) failing to file a motion to compel a confidential informant, who participated in three drug buys before Familia's arrest and provided the Providence police with information which lead them to suspect that persons occupying Familia's apartment were selling cocaine, to testify and identify the real drug pushers (i.e., Bonifacio and Kris); (3) failing to use documents and things that the government provided in pretrial discovery. In support of this particular claim, Familia argues that: (a) his counsel could have used the affidavit that the police submitted in support of the application for the search warrant to prove that he and Jackson do not satisfy the physical descriptions of the Hispanic male and black female who allegedly sold cocaine as described in the affidavit; (b) counsel also could have used the defendants' passports and a picture of Jackson to prove that he and Jackson were in Puerto Rico when the informant purchased cocaine and that his sister gave him the money that was found in the strongbox;5 ____________________ 4. Familia contends that had Bonifacio been arrested, he would have confessed to owning the cocaine and further shown that the police were lying when they testified that the cocaine was found in the bedroom occupied by Familia and Jackson. Familia says that his brother would make a deal with the government to disclose the truth about the cocaine to avoid a stiff prison sentence for being in the United States illegally. 5. We note that the transcript of the probable cause hearing indicates that Jackson did not have a passport. The trial record indicates that two passports in Familia's name were confiscated during the apartment search. -7- (c) counsel failed to secure copies of the defendants' airline tickets, which would have corroborated his story that they were in Puerto Rico when the informant made the drug buys; and (d) counsel failed to introduce a photograph of Bonifacio and documentary evidence that would have established that Bonifacio had previously been convicted of selling drugs and deported.6 (4) failing to call Familia's sister as a witness at his trial, although she would have corroborated Familia's testimony that most of the money found in the strongbox represented the proceeds of Familia's sale of the van to her, as her testimony at his sentencing demonstrates; (5) suborning perjury by instructing Familia to lie about how much money was found in the strongbox to protect a Providence police officer who stole some of that money;7 (6) failing to show that Detective Lennon lied to the grand jury about Jackson's involvement in drug sales.8 ____________________ 6. The documentary evidence Familia relies upon is attached to his appellate brief. It consists of the police reports and search warrant that pertained to Bonifacio's 1990 arrest and a copy of an Immigration and Naturalization Service (INS) detainer on Bonifacio. These documents are not part of the district court's record. Familia asks that we conduct a "de novo review" of this and other evidence that is in the record in assessing his ineffective assistance claim. 7. Familia claims that there was $5007 in the strongbox, not the $3866 identified at trial. He says that the officer in charge of the investigation (Providence Detective Lennon) pocketed the difference and that his attorney covered it up by refusing to let Familia testify to the true amount. 8. Familia also argues that his attorney failed to ask certain questions that were asked at his probable cause hearing. The questions, which are recorded on pp. 19-26 of the transcript, concern the information that the police had before they secured the search warrant for Familia's apartment. Familia suggests that counsel could have established that the police had no direct evidence that either he or Jackson sold drugs. -8- Familia asks that we set aside both his and Jackson's ____ conviction based on the foregoing allegations. The government urges us to deny Familia's claim on the ground that he has failed to show an actual conflict of interest. Alternatively, the government says that we should decline to address this issue on direct appeal. At the outset we note that significant portions of Familia's brief raise arguments on behalf of his co- defendant, Jackson. But as Familia has no standing to challenge Jackson's conviction, the arguments he asserts on her behalf have no merit. Familia's conflict of interest claim requires further attention. III. "In order to establish a violation of ...[a defendant's] Sixth Amendment [right to the effective assistance of counsel], a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 ______ ________ U.S. 335, 348 (1980). See also United States v. Rodriguez, ___ ____ _____________ _________ 929 F.2d 747, 749 (1st Cir. 1991)(per curiam). And, "in order to show an actual conflict of interest, a defendant must show that (1) the lawyer could have pursued a plausible alternative defense strategy or tactic and (2) the alternative strategy or tactic was inherently in conflict with or not undertaken due to the attorney's other interests -9- or loyalties." United States v. Soldevila-Lopez, 17 F.3d _____________ _______________ 480, 486 (1st Cir. 1994). While the defendant "need not show that the alternative strategy would have been successful" he must establish that "it possessed 'sufficient substance' to be a viable alternative." United States v. Garcia-Rosa, 876 _____________ ___________ F.2d 209, 231 (1st Cir. 1989), cert. denied, 493 U.S. 1030 _____ ______ (1990)(quoting Brien v. United States, 695 F.2d 10, 15 (1st _____ _____________ Cir. 1982)). "[A] defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." Cuyler v. Sullivan, 446 U.S. at 349-50. ______ ________ Familia primarily faults defense counsel for failing to use evidence generated by the police surveillance of his apartment before the search that lead to his arrest. He claims that counsel could have proven that he and Jackson were away in Puerto Rico when the informant purchased cocaine from Bonifacio and his girlfriend "Kris," and that this in turn would have persuaded the jury that he and Jackson were innocent. It is not clear that this was a plausible alternative strategy. Even if counsel had pursued it, the evidence could have shown that Jackson and Familia had allowed their home and their respective motor vehicles to be used by others to sell cocaine.9 The jury could easily have ____________________ 9. The affidavit which Detective Lennon used to obtain the search warrant for Familia's apartment indicates that the informant purchased cocaine from the suspects on three -10- construed this evidence as further supporting the government's claim that Familia and Jackson were involved in a conspiracy to possess and distribute cocaine, particularly in light of the other evidence that was adduced at trial. Counsel's decision to refrain from introducing this evidence thus may well have been a reasonable tactical decision, not necessarily an effort to protect Bonifacio at Familia's expense. Familia also offers no sound reasons to believe that Bonifacio would have confessed to being the true owner of the cocaine had defense counsel turned him in. Compare _______ United States v. Garcia-Rosa, 876 F.2d at 231 (rejecting ______________ ___________ ineffective assistance claim based on failure to call a witness).10 ____________________ occasions, two of which occurred in November 1991. On the first occasion, the date of which is not specified, the informant purchased cocaine from the Hispanic male suspect at Familia's apartment. On the second occasion, the informant purchased cocaine from the same man while he was in a car that was registered to Jackson. On the third occasion, the informant purchased cocaine from the black female suspect while she was in the van that was registered to Familia. Familia claims that this affidavit proves that he and Jackson do not meet the physical descriptions of the suspects who sold the cocaine. But even assuming that is true, the jury could still have concluded that Familia and Jackson were involved in the conspiracy because they allowed their home and vehicles to be used for the drug transactions. 10. Familia posits that Bonifacio would have confessed in a "deal" with the government. We see no reason why the government should be inclined to offer a "deal" to Bonifacio, nor to assume that Bonifacio would have given testimony that would otherwise have cleared Familia and Jackson. -11- We also fail to see how Familia was prejudiced by counsel's other alleged shortcomings. While the record verifies Familia's claim that counsel failed to file a motion to suppress, a motion to quash the indictment, and a motion for an acquittal, we discern no basis upon which any of these motions could have been allowed. Counsel's failure to call Familia's sister as a witness at his trial also appears to have had a negligible impact on the verdict given the weaknesses in her testimony. See United States v. Jackson, 3 ___ _____________ _______ F.3d at 511.11 Nevertheless, "[i]t is well established in this circuit that a claim of ineffective assistance of counsel will not be resolved on direct appeal where the claim was not raised in the district court, unless the critical facts are not in dispute and a sufficiently developed record exists." United ______ States v. Daniels, 3 F.3d 25, 26-27 (1st Cir. 1993). This is ______ _______ because "[a] claim of ineffective assistance of counsel which involves matters not fully developed in the trial record, but necessary for determination of the claim, is not ripe for decision on direct appeal." United States v. Georgacarakos, _____________ _____________ 988 F.2d 1289, 1297 (1st Cir. 1993)(declining to reach claim that defense counsel rendered ineffective assistance by ____________________ 11. Familia's claim that his counsel suborned perjury obviously makes a very serious charge. However, he does not explain how this particular act prejudiced his defense, thus it is not clear that this alleged misconduct rendered counsel's representation constitutionally ineffective. -12- failing to raise entrapment defense where record did not enable reviewing court to determine whether counsel made a tactical decision not to pursue the defense and likelihood of prejudice resulting from the failure to raise it). Moreover, the trial judge is in the best position to evaluate defense counsel's performance in the first instance. See, e.g., ___ ____ United States v. McGill, 952 F.2d 16, 19 (1st Cir. 1991). _____________ ______ Resolution of Familia's ineffective assistance claim requires a factual inquiry to determine whether Bonifacio actually paid defense counsel's fee, whether defense counsel knew Bonifacio to be a drug dealer as Familia alleges, and whether defense counsel failed to pursue any viable defenses as a result of his alleged relationship with Bonifacio. Therefore, we decline to resolve this ineffective assistance claim on direct appeal. Rather, we leave Familia to develop this claim in a 28 U.S.C. 2255 proceeding. Accordingly, Familia's conviction and sentence are affirmed without prejudice to Familia's right to pursue ________ relief under 28 U.S.C. 2255. Familia's motion for a polygraph examination is denied. ______ -13-