37 F.3d 1484
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Peter N. GEORGACARAKOS, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
Peter N. GEORGACARAKOS, Plaintiff, Appellant,
v.
UNITED STATES of America, Defendant, Appellee.
 Nos. 94-1559 & 94-1750.
 United States Court of Appeals,
First Circuit.
 Oct. 19, 1994.
 
 APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge ]
 Peter N. Georgacarakos on brief pro se.
 Jay P. McCloskey, United States Attorney, and Michael M. DuBose, Assistant United States Attorney, on brief for appellee.
 D.Me.
 AFFIRMED.
 Before Cyr, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 After carefully reviewing the record and the briefs of the parties, we affirm the judgment of the district court. We do so essentially for the reasons set forth in the Report and Recommendation of the magistrate judge which was adopted by the district court in its order dated May 12, 1994.
 
 
 2
 Specifically, we agree that under the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984), counsel's choice to forego an entrapment defense plainly was an objectively reasonable choice, given appellant's criminal history and the evidence. As for the jury instructions concerning venue, we add that even if they had been reviewed for abuse of discretion-the standard of review applicable to properly preserved objections-appellant still would not have prevailed. Under this standard, "[t]he trial court should be reversed only if the instruction was capable of confusing and thereby misleading the jury." United States v. Fischbach & Moore, Inc., 750 F.2d 1183, 1195 (3d Cir. 1984), cert. denied, 470 U.S. 1029 (1985).
 
 
 3
 The venue instruction, viewed in light of all evidence, was not misleading. As we held in appellant's direct appeal, even had the jury accepted appellant's version of the events, the evidence of venue in Maine was "so clear" that "no reasonable juror could have found otherwise." United States v. Georgacarakos, 988 F.2d 1289, 1297 (1st Cir. 1993). Further, when the instruction is considered in the context of the charge as a whole, it is plain that there was no abuse of discretion. See United States v. Doane, 975 F.2d 8, 11 (1st Cir. 1992) (quoting Cupp v. Naughten, 414 U.S. 141, 146-47 (1973)). Given our findings concerning the adequacy of the instructions on constructive and joint possession, counsel's failure to timely object to the venue instruction did not deprive appellant of "a trial whose result is reliable." See Strickland, 466 U.S. at 687. Therefore, he was not prejudiced.
 
 
 4
 Because we affirm the judgment of the district court, appellant's appeal of the denial of bail is moot.