**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1549
_____

UNITED STATES OF AMERICA

v.

PETER N. GEORGACARAKOS,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 4-02-cr-00034-002)
District Judge:  Honorable Matthew W. Brann

_____

Submitted on Appellant's and Appellee's Motions for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 16, 2021

Before:  MCKEE, GREENAWAY, Jr., and PORTER, Circuit Judges

(Opinion filed February 3, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Peter Georgacarakos appeals the District Court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance, and Georgacarakos has filed a cross-motion for summary reversal. For the reasons that follow, we grant the Government's motion, deny Georgacarakos's motion, and will summarily affirm the District Court's judgment.

Georgacarakos requested compassionate release as to a 22-year sentence that the United States District Court for the District of Maine imposed on him for drug offenses. See United States v. Georgacarakos, 988 F.2d 1289 (1st Cir. 1993) (affirming criminal judgment).[1] That sentence was enhanced by Georgacarakos's criminal history: because he had prior convictions for a controlled-substance offense and for burglary of a dwelling, the District Court ruled that he was a "career offender" under U.S.S.G. § 4B1.1. In his motion for compassionate release, Georgacarakos argued that the law had subsequently changed in his favor, and based on the First Step Act and an amendment to the Guidelines, he would not qualify as a career offender if he were sentenced today.

The District Court denied the motion, concluding that Georgacarakos had not presented a proper basis for compassionate release. Georgacarakos appealed. The

---

[1] While incarcerated for that conviction, Georgacarakos was convicted of second-degree murder stemming from a knife fight at the prison resulting in the death of an inmate. He was sentenced to an additional 30 years' imprisonment to run consecutively to the 22-year sentence he was already serving. See M.D. Pa. Cr. No. 4-02-cr-00034-002, ECF No. 528.

2

Government has filed a motion for summary affirmance, and Georgacarakos responded and asked for summary reversal. The Government has also filed a motion to seal medical records that it provided.[2]

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may take summary action if "no substantial question is presented" by the appeal. 3d Cir. L.A.R. 27.4.

The District Court did not err. The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The only basis for compassionate release that Georgacarakos asserted was a change in sentencing law that he acknowledges has not been made retroactive. See 3d Cir. ECF No. 5 at 3. We have recently held that "nonretroactive sentencing reductions are not extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)." United States v. Andrews, 12 F.4th 255, 262 (3d Cir. 2021). Georgacarakos is thus not entitled to compassionate release.

---

[2] The medical records show that Georgacarakos has received a COVID-19 vaccine. However, Georgacarakos has not sought compassionate-release based on the COVID-19 pandemic. See 3d Cir. ECF No. 5 at 2 (stressing that he "did not raise" this argument).

Accordingly, we grant the Government's motion for summary action, deny

Georgacarakos's motion for summary reversal, and will summarily affirm the District

Court's judgment.[3]

---

[3] The Government's motion to file medical information under seal is also granted; those documents will be sealed for 25 years. <u>See</u> 3d Cir. L.A.R. Misc. 106.1(c).